**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 21 B 1498 |
| | ) | |
| CECILIA GONZALEZ, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | Judge David D. Cleary |

**MEMORANDUM DECISION**

This matter comes before the court on Byline Bank's Verified Motion to Vacate Order

Confirming Plan ("Motion to Vacate").  At the original hearing on the Motion to Vacate, the

court entered a scheduling order.  Cecilia Gonzalez ("Debtor") filed her response, and Byline

Bank filed its reply.  The court then set the matter for oral argument on November 1, 2021.

Having reviewed the papers filed and heard the arguments of the parties, the court will deny the

Motion to Vacate.

**BACKGROUND**

In 2003 and again in 2007, Debtor and her husband, Amado Acosta, executed notes in

favor of Plaza Bank ("Byline").[1]  The borrowers are identified in both notes as Amado Acosta

and Cecilia Acosta.  The 2003 note includes this statement regarding notice:

> All notices and other communications required or permitted hereunder shall be in
> writing and shall be deemed effectively served if personally delivered or three (3)
> days after having been mailed by United States Mail, postage prepaid to the
> parties hereto at the addresses shown below or at such other addresses as the
> parties hereto may by notice specify:

> (a) If to Lender:          PLAZA BANK
>                            7460 West Irving Park Road
>                            Norridge, Illinois  60706

---

[1] Plaza Bank merged into North Community Bank, and in 2015 North Community Bank changed its name to Byline
Bank.

(b) If to Borrower:                AMADO ACOSTA and CECILIA ACOSTA
                                   327 S. Sacramento
                                   Chicago, IL  60634

Motion to Vacate, Ex. A.

The 2007 note, as well as a Change in Terms Agreement effective February 16, 2012,

provides the lender's information as:

Plaza Bank
7460 W. Irving Park Road
Norridge, IL  60706

Motion to Vacate, Ex. C.

The 2003 note is secured by a mortgage against the real property and improvements

located at 3612 W. Roosevelt Road, Chicago, Illinois (the "3612 Property").  The mortgage

states on the first page that mortgagee Plaza Bank maintains an office and place of business at

7460 W. Irving Park Road, Norridge, Illinois 60634.  Motion to Vacate, Ex. B.  The mortgage

provides that same address for written notice.

The 3612 Property is a two-story building with a commercial space on the first floor and

two residential units on the second floor.  Debtor uses the commercial space to operate a

wholesale food distribution company.  She also occupies one of the second-floor units.

The 2007 note is secured by a mortgage against the real property and improvements

located at 3623-25 W. Roosevelt Road, Chicago, Illinois (the "3623 Property").  The mortgage

states on the first page that the address for lender Plaza Bank is 7460 W. Irving Park Road,

Norridge, IL 60706.  Motion to Vacate, Ex. D.  It provides that notices shall be "directed to the

addresses shown near the beginning of this Mortgage." *Id.*  The 3623 Property is a vacant lot

used as parking for the 3612 Property.

Both the 2003 and 2007 notes went into default.  Byline filed a complaint to foreclose the

mortgage on the 3612 Property in the Circuit Court of Cook County on March 22, 2017 (the

2

"First Foreclosure Action").  A few months later, attorney Fernando Carranza ("Carranza") filed an appearance in the First Foreclosure Action on behalf of "Acosta Amado; Acosta Cecilia; Gonzalez Cecilia".  Motion to Vacate, Ex. H.

The Circuit Court dismissed the First Foreclosure Action on February 20, 2018.  The caption of the dismissal order, prepared by attorney Scott H. Kenig ("Kenig"), Byline's counsel, lists several defendants.  The first two named defendants are Amado Acosta and Cecilia Acosta a/k/a Cecilia Gonzalez.  Motion to Vacate, Ex. I.

Byline filed a second complaint to foreclose the mortgage on the 3612 Property on July 23, 2019 (the "Second Foreclosure Action").  About six months later, the Circuit Court entered a judgment of foreclosure and sale along with a money judgment against Amado Acosta and Cecilia Acosta a/k/a Cecilia Gonzalez.  Motion to Vacate, Ex. K.  Kenig prepared the judgment and order.  *Id.*  A judicial sale was scheduled but never held, at first due to the COVID-19 pandemic and then because Debtor filed bankruptcy case 20 B 10918.

Debtor filed 20 B 10918 under the name Cecilia Gonzalez, and on the petition she listed other names she has used in the last 8 years as Cecilia Gonzalez-Burciaga and Cecilia Acosta.  20 B 10918, EOD 1.  Carranza filed the petition as her attorney.

Debtor did not file her Schedules and Statement of Financial Affairs with the petition on May 13, 2020, but she did include a list of creditors.  Plaza Bank is on the list but without a mailing address.  Byline did not receive notice of 20 B 10918 from the court.  *Id.*, EOD 7; Motion to Vacate, Ex. M.

Byline learned about 20 B 10918 through an email to Kenig from Carranza's paralegal on May 18, 2020.  Motion to Vacate, Ex. N.  Kenig filed an appearance in the bankruptcy case the next day.  20 B 10918, EOD 8.  Byline participated in 20 B 10918, filing an objection to

3

confirmation. *Id.*, EOD 30. On the motion of the chapter 13 Trustee, the court dismissed the case on November 3, 2020, for unreasonable delay pursuant to 11 U.S.C. § 1307(c)(1).

Debtor filed this case on February 3, 2021. She again filed under the name Cecilia Gonzalez and listed other names she has used in the past 8 years as Cecilia Gonzalez-Burciaga and Cecilia Acosta. 21 B 1498, EOD 1. In this case, Debtor filed her schedules and SOFA with her petition. On Schedule D she listed Byline Bank fka North Community Bank at 7460 W. Irving Park Road / Norridge, IL 60634 as holding a claim in the amount of $102,021.85, secured by a mortgage on the 3612 Property. She disclosed the Second Foreclosure Action in answer to Question 9 on her Statement of Financial Affairs and indicated that it is still pending.

Byline Bank appears twice in the list of creditors attached to Debtor's petition:

Byline Bank fka North CommunityBank
7460 W. Irving Park Road
Norridge, IL  60634

Byline fka / Plaza Bank
7460 W Irving Park Road
Harwood Heights, IL 60706

The court sent notice of this case to Byline at these two addresses on February 6, 2021.[2] The first page of the notice includes Debtor's name and the two other names she used in the past 8 years. It includes the last 4 digits of her Social Security number as well. 21 B 1498, EOD 11. On the same date, the court also sent a copy of Debtor's chapter 13 plan to Byline at these two addresses. *Id.*, EOD 12.

---

[2] The court takes judicial notice of the fact that 60706 is a ZIP Code for both Norridge and Harwood Heights, Illinois. FRE 201. The mortgage securing the 2003 note provided Plaza Bank's address as being in Norridge, IL 60634. The 2003 note, the 2007 note and the mortgage securing the 2007 note provide the address as being in Norridge, IL 60706.

The court confirmed Debtor's chapter 13 plan on June 7, 2021.  An attorney first appeared in this case for Byline on June 23, 2021.  About a month later, Kenig filed an appearance, followed by this Motion to Vacate.

## LEGAL DISCUSSION

"A confirmed plan acts as a court-approved contract that binds both the debtor and all the creditors."  *In re Bird*, 624 B.R. 841, 843 (Bankr. N.D. Ill. 2021).  Orders confirming plans are final judgments.  Byline did not file an appeal of the confirmation order.

> Ordinarily, the finality of a Bankruptcy Court's orders following the conclusion of direct review would stand in the way of challenging their enforceability.  Rule 60(b), however, provides an exception to finality that allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances.

*United Student Aid Funds, Inc. v. Espinosa*, 559 U.S. 260, 269 (2010) (quotations omitted).

Byline asks the court to vacate the order confirming Debtor's chapter 13 plan under three of the six subsections of Fed. R. Civ. P. 60(b) (made applicable in bankruptcy cases by Fed. R. Bankr. P. 9024).[3]

**The Bankruptcy Code provides a basis for revoking a confirmation order**

According to 11 U.S.C. § 1330(a): "On request of a party in interest at any time within 180 days after the date of the entry of an order of confirmation under section 1325 of this title, and after notice and a hearing, the court may revoke such order if such order was procured by fraud."  Byline did not seek relief under section 1330, although it suggested that Debtor's failure

---

[3] The Motion to Vacate also objects to confirmation on the grounds that Debtor's plan does not satisfy 11 U.S.C. §§ 1325(a)(5)(B)(ii) and 1325(a)(6).  If the court granted the Motion to Vacate and reset the matter for confirmation, it would then take up the questions of whether the plan provides for each allowed secured claim as required by law and whether the Debtor will be able to make all payments under the plan and to comply with the plan.  Those questions are premature until the Motion to Vacate is resolved.

to include Kenig in her list of creditors was motivated by fraudulent intent.  Since Byline did not pursue a claim under section 1330, the court will not address it.

**Relief is not appropriate under Fed. R. Civ. P. 60(b)(1)**

Byline first asks the court to vacate the confirmation order under Rule 60(b)(1), because of "mistake, inadvertence, surprise, or excusable neglect."  It points out that the bankruptcy court notice of this case stated that the debtor was Cecilia Gonzalez, but that its loans are in the name of Cecilia Acosta.  "Byline failed to connect the Second Bankruptcy [21 B 1498] with the subject loans in the name of Cecilia Acosta because Byline also has a separate outstanding loan to a different Cecilia Gonzalez and Byline mistakenly assumed that this Second Bankruptcy pertained to that other Cecilia Gonzalez."  Motion to Vacate, p. 7.

The argument that Debtor's confirmation order should be vacated because Byline confused one debtor with another does not support the relief requested.  Rule 60(b) relief "is an extraordinary remedy and is granted only in exceptional circumstances." *McCormick v. City of Chicago*, 230 F.3d 319, 327 (7th Cir. 2000) (quotation omitted).  The bankruptcy court's notice provided the alternative name of Cecilia Acosta – the name on all of her loan documents – immediately below the name Cecilia Gonzalez.  It also provided the last four digits of her Social Security number, and the address listed for Debtor is at the 3612 Property.  Even if Byline initially assumed that this notice pertained to a different Cecilia Gonzalez, it had more than enough information to double-check this assumption and easily discover its error.  "Neither ignorance nor carelessness on the part of a litigant or his attorney provide grounds for relief under Rule 60(b)(1)." *Ben Sager Chemicals Intern., Inc. v. E. Targosz & Co.*, 560 F.2d 805 (7th Cir. 1977).

To the extent Byline intended to argue excusable neglect rather than mistake, it mentioned this part of Rule 60(b)(1) only in its reply.  Arguments raised for the first time in a reply brief "are waived because they leave no chance to respond." *White v. United States*, 8 F.4th 547, 552 (7th Cir. 2021).  Even if the court accepted that the argument was raised in a reply, Byline did not set forth or establish the elements of excusable neglect.  Underdeveloped arguments are waived as well.

For these reasons, Byline's request to vacate the confirmation order under Rule 60(b)(1) will be denied.

**Relief is not appropriate under Fed. R. Civ. P. 60(b)(3)**

Byline next seeks relief under Rule 60(b)(3), which allows a court to provide relief from an order because of "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party."

The bank asserts that Debtor's failure to provide notice to attorney Scott Kenig, who represented Byline in the First and Second Foreclosure Actions, constitutes fraud.  It then undercuts its own argument in the very next line, admitting that "Debtor is not legally required to provide notice of the Second Bankruptcy to Byline's attorney…".  Motion to Vacate, p. 8.  On the one hand, Byline admits that no statute or rule requires notice to its attorney at the commencement of a case,[4] and on the other hand, it argues that Debtor's failure to do was fraudulent.

Byline presented no evidence to support its claim that fraud justifies relief from the confirmation order.  Nor does it address the logistical difficulties that could follow if this court found a failure to notify counsel who have not yet appeared in a bankruptcy case to be

---

[4] In its reply, Byline states – without citation to any authority – that "[t]he duty to notify a creditor's attorney arises where the debtor or her counsel knows of the lawyer's representation of the creditor."  Reply, p. 3.

fraudulent.  In this case, the parties have been engaged in foreclosure litigation for four years, and Byline's counsel filed an appearance in Debtor's previous bankruptcy case.  Is notice to counsel required after litigating for a certain period of time?  If so, what is the appropriate length of time?  Must the previous litigation have progressed to a certain point?  Or must it have reached a certain level of contentiousness, as Byline's counsel suggested near the end of oral argument?

A finding that failure to notify counsel is fraudulent not only creates bad precedent, it is unsupported by any evidence before the court.  For these reasons, Byline's request to vacate the confirmation order under Rule 60(b)(3) will be denied.

**Relief is not appropriate under Fed. R. Civ. P. 60(b)(6)**

Finally, Byline seeks relief under Rule 60(b)(6), which allows a court to provide relief from an order for "any other reason that justifies relief."  Rule 60(b)(6) is "open-ended; it is flexible and gives courts wide discretion.  It is available only in extraordinary circumstances, but courts may consider a wide range of factors to determine if extraordinary circumstances are present." *Pearson v. Target Corp.*, 893 F.3d 980, 984 (7th Cir. 2018) (quotations omitted).

Byline, however, presents no extraordinary circumstances.  It appears to suggest that because it may have meritorious arguments regarding the chapter 13 plan and the treatment of its claim, these must be heard.  Such circumstances are far from extraordinary.  There is no doubt that Byline received notice of this bankruptcy case.  It admitted as much in its papers and at oral argument.  Having received notice, it was responsible for acting.  The mistake it made in matching Debtor's case to another borrower – who presumably had a different address and different Social Security number – is not an extraordinary circumstance.

8

Moreover, if Byline made a mistake, this set of circumstances is appropriately governed by a more specific subsection of Rule 60(b).  Relief under Rule 60(b)(6) is "unavailable because the ground for relief is properly categorized as mistake under Rule 60(b)(1), and Rule 60(b)(1) and Rule 60(b)(6) are mutually exclusive."  *Arrieta v. Battaglia*, 461 F.3d 861, 865 (7th Cir. 2006) (quotation omitted).

Therefore, Byline's request to vacate the confirmation order under Rule 60(b)(6) will be denied.

**Debtor provided notice that satisfied the requirements of due process**

Byline argued vigorously that the notice Debtor provided to it of this second bankruptcy case was deficient.  Interestingly, however, Byline never presented an argument under Rule 60(b)(4).  This subsection authorizes a court to relieve a party from a final judgment if the judgment is void.  "[A] confirmation order entered in violation of due process notice requirements is void and Federal Rule of Civil Procedure 60(b)(4) is the proper vehicle to provide relief from such an order."  *In re Erdmann*, 446 B.R. 861, 865 (Bankr. N.D. Ill. 2011). *See In re Williams*, 19 BK 22007, 2020 WL 2301177, *2 (Bankr. N.D. Ill. May 7, 2020).

The basis for vacating a confirmation order entered without due process notice stems from the Supreme Court case of *United Student Aid Funds v. Espinosa*, 559 U.S. 260 (2010).  In *Espinosa*, appellant United argued "that the court's judgment is void under Rule 60(b)(4) because United did not receive adequate notice of Espinosa's proposed discharge of his student loan interest. Specifically, United argues that the Bankruptcy Court violated United's due process rights by confirming Espinosa's plan despite Espinosa's failure to serve the summons and complaint the Bankruptcy Rules require for the commencement of an adversary proceeding." *Id.* at 272.

9

Similarly, although it never mentions the phrase "due process" in its papers, Byline

argues that Debtor deprived it of the right to participate in her bankruptcy case by failing to

provide it with adequate notice.  "It is a well-established principle of bankruptcy law that a party

with adequate notice of a bankruptcy proceeding cannot ordinarily attack a confirmed plan." *In

re Harvey*, 213 F.3d 318, 321 (7th Cir. 2000).  Conversely, a party without adequate notice may

do so under Rule 60(b)(4).

The Bankruptcy Rules provide parties with a right to 21 days' notice of the meeting of

creditors under § 341 and the time fixed for filing objections to confirmation of a chapter 13

plan, as well as the right to 28 days' notice for the hearing to consider confirmation of a chapter

13 plan.  Fed. R. Bankr. P. 2002(a)(1), (a)(9), (b).  By failing to provide notice to its attorney,

and by sending notice to its branch in Norridge under the name Cecilia Gonzalez rather than

Cecilia Acosta, Byline might have argued that Debtor deprived it "of a right granted by a

procedural rule." *Espinosa*, 559 U.S. at 272.

Just like in *Espinosa*, however,

> this deprivation did not amount to a violation of [Byline's] constitutional right to
> due process. Due process requires notice "reasonably calculated, under all the
> circumstances, to apprise interested parties of the pendency of the action and
> afford them an opportunity to present their objections." *Mullane v. Central
> Hanover Bank & Trust Co.*, 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865
> (1950). Here, [Byline] received *actual* notice of the filing and contents of
> [Debtor's] plan. This more than satisfied [Byline's] due process rights.

*Id.* (citation omitted).

The facts before the court establish that Byline received adequate notice of this

bankruptcy case.  Byline argues that Debtor's failure to notify its attorney, who had litigated

foreclosure actions against her for four years, was a choice made in order to deprive Byline of its

"fundamental, Constitutional right to receive notice and be heard here."  Reply, p. 3.  But Byline

does not have a constitutional right to the best possible notice.  "The Bankruptcy Rules and Code

10

may require more notice than required under the Constitution, but only a violation of constitutional due process renders a judgment or order void.  Therefore, in many instances actual notice, although in violation of the Bankruptcy Rules, is sufficient to bind a creditor to the terms of a confirmed plan." *Erdmann*, 446 B.R. at 866 (citations omitted).

In fact, notice to Byline did not even violate the Bankruptcy Rules.  The court sent notice of this case to Byline at the address on its loan documents.  The first page of the notice includes Debtor's name, the two other names she used in the past 8 years, and the last 4 digits of her Social Security number.  On the same date, the court also sent a copy of Debtor's chapter 13 plan to Byline, again at the address on its own loan documents.  Byline admitted that it received notice of this bankruptcy case; it simply mishandled it.

Due process does not always require actual notice, *see Jones v. Flowers*, 547 U.S. 220, 225 (2006), but Byline received both actual notice and notice given in compliance with the Bankruptcy Rules.  Having received adequate notice of this case and Debtor's proposed plan, Byline cannot successfully ask the court to vacate the confirmed plan.  *See Harvey*, 213 F.3d 318.

For all of the reasons stated above, the court will issue an order denying the Motion to Vacate.

Date:   December 17, 2021

_____
DAVID D. CLEARY
United States Bankruptcy Judge

11